UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

POSR A. POSR,

                          Plaintiff, pro se

        v.

CITY OF NEW YORK, CHERAY JACKSON,
WHOLE FOODS,

                          Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/25/12

**ECF CASE**

**MEMORANDUM**
**OPINION & ORDER**

11 Civ. 986 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Posr A. Posr brings this action against the City of New York and

New York City Department of Consumer Affairs employee Cheray Jackson (together, the "City

Defendants"), and Whole Foods, under 42 U.S. § 1983 and state law. In the Second Amended

Complaint ("SAC") [1], Plaintiff alleges that he was unable to use his Electronic Benefit Transfer

card ("EBT card") [2] to buy aloe vera at a Whole Foods market because it is improperly

categorized as a taxable item. All Defendants have moved to dismiss under Fed. R. Civ. P.

12(b)(2), (5), and (6). Because the SAC fails to state a claim against any of the Defendants, their

motions to dismiss will be granted.

## FACTUAL BACKGROUND

        For purposes of deciding Defendants' motions to dismiss, the Court assumes the

following factual allegations in the SAC to be true: On December 22, 2009, Plaintiff attempted

to use his EBT card to buy unprepared, uncooked, aloe vera leaves at the Chelsea Whole Foods

---

[1]  The SAC is styled as the "Verified Amended Complaint."

[2]  An EBT card is a payment card provided under the Food Stamp Act. See 7 U.S.C. § 2012(i).

market located on 24th Street at Seventh Avenue in Manhattan.  (SAC ¶ 1)[3]  The aloe vera leaves were sold in the produce section of the store.  (Id. ¶ 2)  Under "Federal Guidelines," aloe vera is a food.  (Id. ¶ 2.8)  A Whole Foods cashier told Plaintiff that he could not use his EBT card to purchase aloe vera, however, because it is a taxable item.  (Id. ¶¶ 3-4)  Plaintiff told the cashier that aloe vera is produce, and is therefore not taxable.  (Id. ¶ 5)  Plaintiff complained to a supervisor at the customer service desk, who told Plaintiff that aloe vera did not appear as produce on his cashier machine.  (Id. ¶ 6)  Plaintiff ultimately purchased the aloe vera with cash, paying tax on his purchase.  (Id. ¶ 7)

Plaintiff purchased aloe vera at the same Whole Foods market on five other occasions.  (Id. ¶ 8)  On each occasion, Plaintiff was told that he could not use his EBT card and paid tax on his purchase.  (Id. ¶ 8)  A sticker on the aloe vera leaves sold on December 22, 2009 read, "Green rind and yellow sap are highly laxative. . . . Extract inner gel from green rind and rinse.  Blend with fruit juices or use in marinades."  (Id. ¶¶ 2.4, 2.6)

Plaintiff filed a complaint with Whole Foods, giving his name and home address, and a supervisor named "Charles" told him that someone would "get back to [him]."  (Id. at ¶ 9)  No one from Whole Foods ever contacted Plaintiff.  (Id. ¶ 10)

On December 22, 2009, Plaintiff filed a complaint with the New York City Department of Consumer Affairs ("Consumer Affairs").  Plaintiff complained that he "was charged tax on Aloe Vera" and was "prevented from buying the Aloe leaf with [his] EBT card."  (Id. ¶¶ 11-13)  Consumer Affairs employee Cheray Jackson responded to Plaintiff's complaint, telling him that his complaint was "invalid" because Whole Foods "told her that Aloe Vera was

---

[3]  Plaintiff uses an unconventional numbering system in the SAC, whereby some paragraphs have decimal points.  He also inexplicably skips paragraphs 23 to 32.  The Court refers to the paragraphs in the SAC as numbered by Plaintiff.

not food." (Id. ¶ 15)  Plaintiff told Jackson that he "eats Aloe Vera often." (Id. ¶ 16)  Jackson

told Posr that it was "not her function to contact the Dept. of Taxation to determine whether or

not the Aloe Vera had been falsely labeled." (Id. ¶ 19)  Plaintiff told Jackson that "there was an

issue of false advertisement" in that the aloe vera had been falsely labeled produce, "which

forbids tax." (Id. ¶ 20)

On March 4, 2010, Plaintiff received a letter from Jackson "formally stating that

[Consumer Affairs] was not the correct agency to address complaints about [a] false advertising,

[b] unlawful taxation, or [Whole Foods' denial] of [an] EBT card on an item labeled 'produce.'"

(Id. ¶ 21)

Plaintiff alleges that no Defendant "initiated communication of any kind with the

New York State Dept. of Taxation and Finance to ascertain whether or not [Whole Foods]

improperly taxed Aloe Vera as produce." (Id. ¶ 22)

On January 6, 2011, the New York City government website indicated that

Consumer Affairs conducts inspections of supermarkets to determine, among other violations,

whether there is improper taxation of items that are not taxable. (Id. ¶¶ 32-33)

## PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint in this action on or about February 4, 2011.

(Dkt. Nos. 1, 2)  On May 3, 2011, Chief Judge Preska issued an order granting Plaintiff's

application to proceed in forma pauperis, dismissing a number of his claims, and directing

Plaintiff to submit an Amended Complaint within 60 days of the Order. (Dkt. No. 4)  Judge

Preska dismissed Plaintiff's claims against Consumer Affairs, which is not a suable entity. (Id.

at 3; see Jones v. Westchester County Dep't of Corrections, Medical Dep't, 557 F.Supp.2d 408,

416 n.4 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative

arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued.") (quoting Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) (citing Fanelli v. Town of Harrison, 46 F. Supp. 2d 254 (S.D.N.Y. 1999))) She also dismissed Plaintiff's Section 1983 claim insofar as it alleged a failure to adhere to state law. (Id.)

Judge Preska also dismissed Plaintiff's Section 1983 claims alleging that Defendants failed to investigate his complaint regarding whether aloe vera is a taxable item, based on settled law that there is no constitutional right to an investigation. (Id. at 4) (citing DeShaney v. Winnebago Cnty. Dep't Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid"); Nieves v. Gonzalez, No. 05 Civ. 17(SR), 2006 WL 758615, at *4 (W.D.N.Y. Mar. 2, 2006)). Because Plaintiff's Complaint did not allege that Consumer Affairs' failure to investigate the proper taxation of aloe vera was motivated by class-based discriminatory animus, Judge Preska also concluded that Plaintiff had failed to state a claim under Section 1985(3). (Id.)

Judge Preska granted Plaintiff leave to amend in order to set forth his claims that his rights under the Food Stamp Act had been violated. (Id. at 4-5) Judge Preska emphasized that, in amending his complaint, Plaintiff "must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why Plaintiff is entitled to relief." (Id. at 5-6) (emphasis in original). Plaintiff filed his Amended Complaint on June 22, 2011 (Dkt No. 6), and filed the SAC on October 11, 2011. (Dkt. No. 13)

## DISCUSSION

## I.    SERVICE OF PROCESS

Whole Foods and the City Defendants argue that Plaintiff failed to properly serve them, and that his claims should therefore be dismissed under Fed. R. Civ. P. 12(b)(2) and (5) for insufficient service of process and lack of personal jurisdiction.

### A.    Legal Standard

"'[I]n considering a motion to dismiss pursuant to [Rule] 12(b)(5) for insufficiency of [service of] process, a Court must look to matters outside the complaint to determine whether it has jurisdiction.'" Koulkina v. City of New York, 559 F.Supp.2d 300, 311 (S.D.N.Y. 2008) (quoting Darden v. DaimlerChrystler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" Id. (quoting Mende v. Milestone Tech., Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003)).

Under Fed. R. Civ. P. 4(c)(1), "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," which is no later than 120 days after the filing of the Complaint. Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – upon motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The Federal Rules of Civil Procedure provide that an individual may be served by any means authorized by the state in which service is attempted: by delivering service personally, by leaving a copy at the individual's dwelling with someone of suitable age and discretion who resides there, or by serving an authorized agent. Fed.R.Civ.P. 4(e). Under New York law, personal service on an individual may be accomplished by "delivering the summons within the state to the person to be served," or by "delivering the summons within the state to a person of suitable age and discretion at the . . . usual place of abode of the person to be served . . . or by mailing the summons by first class mail." N.Y. C.P.L.R. § 308(1)-(2) (McKinney 2010).

Personal service on a corporation under New York law is governed by N.Y. C.P.L.R. § 311, which provides that service must be made on "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).

However, "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge."[4] Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (allegations of pro se complaint are held to less stringent standard than formal pleading drafted by lawyers); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

### B.    Relevant Facts

Whole Foods alleges – and Plaintiff does not dispute – that Posr attempted to serve Whole Foods by delivering a copy of the Summons and original Complaint to Heather

---

[4] Posr has somewhat more experience with the legal system than most pro se litigants. A Lexis search reveals more than twenty-five prior litigations in which he has been a party.

6

Kropf, an Associate Store Team Leader at the Chelsea Whole Foods location. Whole Foods argues that Kropf was not designated to accept service. (Hempfling Aff., Ex. B ¶¶ 3-4) Posr has submitted an affidavit of service from the process server, however, in which she states that she served Kropf on August 2, 2011, and that Kropf stated that she was authorized to accept service ((Dkt. No. 9, at 2; see Pltf. Br. at 5) The process server's affidavit also avers that she served Jackson and the City of New York on August 2, 2011. (Dkt. No. 9)

In an August 10, 2011 letter, the City informed the Court that it had been served on August 2, 2011 with a summons and the original February 4, 2011 Complaint, rather than the Amended Complaint – as directed by Judge Preska (Dkt. 4 at 6) – and asked this Court to order Plaintiff to serve the Amended Complaint on the City. (Koplik Decl., Ex. D (Aug. 10, 2011 City Ltr.)) On August 23, 2011, this Court issued an order directing Plaintiff to serve the Summons and Amended Complaint upon each Defendant within 120 days of the issuance of the July 5, 2011 Order directing service. (Koplik Decl., Ex. E; Dkt. No. 10) The parties have submitted an affidavit of service signed by Posr in which he states that he served a copy of the "amended complaint" – apparently the SAC – on Whole Foods and the City Law Department on October 11, 2011. (Koplik Decl., Ex. H)

Defendant Jackson alleges that the Complaint was never properly served on her, and that Posr never attempted to serve her with copies of either the Amended Complaint or the SAC. The process server's affidavit of service concerning the original complaint states that Jackson was served by handing a copy to Deborah Malcolm, "who identified herself as office manager of the legal services division of the Dept. of Consumer Affairs for New York City." (Dkt. No. 9, at 2) Jackson argues that she was not properly served because Plaintiff did not complete service by mailing a copy of the Complaint to Jackson's last known residence or actual

place of business. (City Br. at 6)  Counsel for the City Defendants does not dispute, however, that the City was served with a copy of the SAC on October 10, 2011. (City Br. 6; see Koplik Decl., Exs. H)  Plaintiff attempts to explain the defects in his service by stating that it is his understanding that "[o]nce the original complaint is served on city employees and the City of New York separately, and the City of New York undertakes to defend both the city employee and the City . . . ,"a plaintiff is not required to serve copies of subsequent amended complaints on individual City defendants. (Ptlf. Opp. Br. at 13)

There appears to be no dispute that the City Defendants and Whole Foods received actual notice of the current action and a copy of the SAC, and no defendant has identified any prejudice arising from the defects in service of process.

C.    Analysis

Courts considering whether to dismiss a pro se complaint for lack of sufficient service of process apply a harmless error analysis under Fed. R. Civ. P. 61.  Where the party asserting deficient service has actual knowledge of the action, no prejudice results from the defects in service, and the defendant – with proper service – would be subject to the Court's jurisdiction, dismissal is generally denied.  See Thomas v. Yonkers Police Dept., 147 F.R.D. 77, 79 (S.D.N.Y. 1993).

In Thomas, for example, defendant County of Westchester sought dismissal on grounds of improper service and lack of personal jurisdiction.  The Court found that the plaintiff had not complied with CPLR § 311(4), which governs service on a county. Id. at 78-79.  The court declined to dismiss, however, noting that "[t]he objective of service of process is to insure actual notice," and that "[a]ctual notice to all defendants [has been] conceded." Id. at 79.  The court further noted that "[n]o prejudice to the County was caused by failure to deliver the

8

summons in this case to the particular officials named [in CPLR § 311(4)]. No significant

purpose would be served by dismissing this case and requiring re-service." Id. The court also

cited to Fed. R. Civ. P. 61 – which provides that "[a]t every stage of the proceeding, the court

must disregard all errors and defects that do not affect any party's substantial rights" – noting

that Rule 61 "applies to formal matters such as compliance with detailed methods of service of

process, provided always that actual notice is provided and that there is an adequate connection

between the proposed locale of the litigation and the defendants." Id.

The reasoning of Thomas is fully applicable here. There is no claim of prejudice

by any party, nor is there any argument that personal jurisdiction is otherwise improper. Plaintiff

made multiple efforts to serve the Defendants, but misunderstood the requirements of the law.

See Harper v. NYC Admin. for Children's Servs., No. 09 Civ. 2468(JGK), 2010 WL 23328, at

*2 (S.D.N.Y. Jan. 5, 2010). Accordingly, Plaintiff's claims will not be dismissed for improper

service of process and lack of personal jurisdiction.

## II.   LEGAL STANDARD FOR MOTION TO DISMISS

A Rule 12(b)(6) motion is directed to a complaint's legal sufficiency. "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To meet this standard, a

complaint's factual allegations must permit the Court, "draw[ing] on its judicial experience and

common sense," "to infer more than the mere possibility of misconduct." Id. at 664. "In

considering a motion to dismiss . . . the court is to accept as true all facts alleged in the

complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing

Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir.2002)),

and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. 544).

"When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiffs' . . . complaint, . . . to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

Because Plaintiff is proceeding pro se, the Court construes the SAC liberally, "interpret[ing] it to raise the strongest arguments that it suggests." Harris v. Westchester Cnty. Dep't of Corr., No. 06 Civ. 11(RJS), 2008 WL 953616, at *2 (S.D.N.Y. Apr. 3, 2008) (internal quotation omitted). Where, as here, a pro se plaintiff has submitted papers to the court other than pleadings, such as legal memoranda, the court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations. Milano v. Astrue, 2007 WL 2668511, at *2 (S.D.N.Y. Sept. 7, 2007) (citing Johnson v. Wright, 234 F.Supp.2d 352, 356 (S.D.N.Y. 2002)).[5]

---

[5] In its reply brief (Whole Foods Reply Br. 1-2), Whole Foods argues that Plaintiff's opposition papers are untimely and should not be considered. In light of Plaintiff's pro se status, and the nature of Defendants' motions, the Court has considered Plaintiff's untimely opposition papers.

Although a pro se complaint will be liberally construed, in pleading an action under Section 1983, a pro se plaintiff bears the burden of alleging deprivation of a federally protected right. Stone v. Department of Investigation of City of New York, No. 91 Civ. 2471 (MBM), 1992 WL 25202, at *2 (S.D.N.Y. 1992) (citing Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)). It is "incumbent upon [plaintiffs] to identify with particularity the rights they claimed, since it is impossible to determine whether [a particular statute], as an undifferentiated whole, gives rise to undefined 'rights.'" Bose v. City of New York, No. CV–07–2431 (SJF)(SMG), 2008 WL 564761, at *3 (E.D.N.Y. 2008) (citing Blessing v. Freestone, 520 U.S. 329, 342 (1997)). Finally, as in any other case, the Court accepts as true only factual allegations, and does not accept as true allegations stating only legal conclusions. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief].'" (quoting Iqbal, 556 U.S. at 678).

## III.   THE FEDERAL FOOD STAMP PROGRAM

Federal law establishes certain food stamp, health care, and public assistance programs that are federally-funded, in whole or in part, but are largely state-administered. See 7 U.S.C. § 2011 et seq. (Food Stamp Program)[6]; 42 U.S.C. § 1396 et seq. (Medicaid); id. § 601 et seq. (Temporary Assistance for Needy Families). States may directly administer these programs

---

Rosen v. North Shore Towers Apartments, No. 11–CV–00752(RRM)(LB), 2011 WL 2550733 at *2 (E.D.N.Y. June 27, 2011) (accepting pro se plaintiff's untimely opposition to dismissal motion); Howard v. Municipal Credit Union, No. 05 Civ. 7488(LAK), 2008 WL 782760, at *4 (S.D.N.Y. March 25, 2008) (accepting opposition papers filed "several months" late, and noting "the strong policy disfavoring dismissal of pro se pleadings without affording them their strongest possible construction").

[6] The Federal Food Stamp Program is now known as the Supplemental Nutrition Assistance Program ("SNAP").

or may delegate the administration to agencies of local government, subject to state supervision.

See id. § 1396a(a)(5); id. § 602(a)(4); 7 U.S.C. § 2012(n)(1); M.K.B. v. Eggleston, 445

F.Supp.2d 400, 404 (S.D.N.Y. 2006).

        Pursuant to 7 U.S.C. § 2013(c), the Secretary of Agriculture is authorized to

administer the federal Food Stamp Program. "Within the Department [of Agriculture], FNS [the

Food and Nutrition Service] acts on behalf of the Department in the administration of the Food

Stamp Program." 7 C.F.R. § 271.3(a).

        The legislative history of the Food Stamp Act indicates that "Congress dismissed

as impractical the idea of designating which foods could be purchased with the stamps."

Kentucky Fried Chicken, Inc. v. United States, 449 F.2d 255, 257 (5th Cir. 1971) (emphasis

omitted). Therefore, FNS is responsible for determining what foods may be purchased under the

Food Stamp Program. FNS issues "periodic notification to participating retail stores and

wholesale food concerns to clarify program eligibility criteria, including the definitions of 'Retail

food store,' 'Staple foods,' 'Eligible foods,' and 'Perishable foods.'" 7 C.F.R. 278.1(t); see also

7 U.S.C. § 2018(a)(2)(B). The Supplemental Nutrition Assistance Program: Training Guide for

Retailers refers retail store operators to the FNS website if the store operator has questions about

whether a specific food item is eligible for purchase with food stamp coupons. U.S. Dep't of

Agric., Food and Nutrition Serv., The Supplemental Nutrition Assistance Program: Training

Guide for Retailers 8 (2012), available at

http://www.fns.usda.gov/snap/retailers/pdfs/Retailer_Training_Guide.pdf. (Last visited Sept. 24,

2012). FNS has also issued written guidance concerning "eligible foods" and addressed this

issue on its website, providing a list of those foods that have been deemed ineligible.

Supplemental Nutrition Assistance Program, Eligible Food Items, THE FOOD & NUTRITION

SERVICE, U.S. DEPARTMENT OF AGRICULTURE (2012),

http://www.fns.usda.gov/snap/retailers/eligible.htm (last visited Sept. 24, 2012); U.S. Dep't of

Agric., Food & Nutrition Serv., Determining Eligibility for Product Purchase with SNAP

Benefits 1 (2010), available at http://www.fns.usda.gov/snap/retailers/eligibility.pdf. (Last

visited Sept. 24, 2012)

      In New York, Section 95 of the Social Services Law governs the administration of

the Food Stamp Program. Pursuant to Social Services Law § 95(1)(b), the Office of Temporary

and Disability Assistance (OTDA) has supervisory responsibility for the program. 2008-1 N.Y.

St. Reg. 147, 148. New York State has elected to delegate the administration of public benefits

programs to local agencies, however, which operate under the supervision of state agencies.

New York is divided into 58 local social services districts, with the City of New York

constituting one such district. M.K.B. v. Eggleston, 445 F. Supp. 2d 400, 405 (S.D.N.Y. 2006)

(citing N.Y. Soc. Serv. Law §§ 56, 61). The Human Resources Administration administers these

public assistance programs for New York City residents. Id.[7]

## IV.   WHOLE FOODS

      Plaintiff alleges that Whole Foods violated

      (1) 7 U.S.C. § 2012(k)[8] – which defines "food"[9] – by not treating aloe vera as a
          food item (SAC, First and Second Causes of Action);

---

[7] See also New York City Human Resources Admin., Food Stamps & Emergency Food
Programs, at http://www.nyc.gov/html/hra/html/directory/food.shtml. (Last visited Sept. 24,
2012)

[8] The SAC (see First and Second Causes of Action) cites to 7 U.S.C. § 2011 3(g)(1), but there is
no such provision in the Food Stamp Act. Given that the SAC addresses the definition of "food"
under the Food Stamp Program, the Court has inferred that Plaintiff is referencing 7 U.S.C. §
2012(k). In resolving Defendants' motions, the Court has also considered 7 C.F.R. § 278.2(a),
which states that "[c]oupons may be accepted by an authorized retail food store only from
eligible households or the households' authorized representative, and only in exchange for
eligible food."

[9] Section 2012(k) defines "food," in pertinent part, as :

> (2) 7 C.F.R. § 278.2(b) – which provides that "tax shall not be charged on eligible foods purchased with coupons"[10] – by charging tax on his purchase of aloe vera (SAC, Third and Fourth Causes of Action); and
>
> (3) "[t]he Food Stamp [A]ct provision requiring conspicuous posting of the way to complain to EBT," a claim which the Court understands to be a reference to 7 U.S.C. § 2018(e).[11] (SAC, at 2)[12]

Construing the SAC in the light most favorable to Plaintiff, it alleges that Whole Foods violated the Food Stamp Act by improperly classifying aloe vera as a taxable item, and by failing to post a sign providing information about how to lodge complaints concerning the operation of the food stamp program.

Whole Foods argues that the federal claims against it must be dismissed because it is not a state actor, and therefore is not subject to suit under Section 1983. (Whole Foods Br. 5-7)

### A.    <u>Whole Foods Is Not a State Actor</u>

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

---

> (1) any food or food product for home consumption except alcoholic beverages, tobacco, and hot foods or hot food products ready for immediate consumption. . . .

[10]  7 U.S.C. § 2013(a) provides that "a State may not participate in the supplemental nutrition assistance program if the Secretary determines that State or local taxes are collected within that State on purchases of food made with benefits issued under this chapter."

[11]  Section 2018(e) requires that "[a]pproved retail stores shall display a sign providing information on how persons may report abuses they have observed in the operation of the supplemental nutrition assistance program."

[12]  Plaintiff also "sues ALL defendants in their individual and official capacities, if any, for a declaration that Aloe Vera is food." (SAC, Twelfth Cause of Action) (emphasis in original).

"In order to satisfy the state action requirement where the defendant is a private entity, the allegedly unconstitutional conduct must be 'fairly attributable' to the state." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (quoting Am. Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).  "Conduct that is ostensibly private can be fairly attributed to the state only if there is 'such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself."'" Id. at 312-13 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974))).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful."'" Sullivan, 526 U.S. at  50 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948))); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.").

The Second Circuit has noted that the

> "close nexus" test is not satisfied merely by the fact that the private entity is a business affected with the public interest. . . . Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts. . . . Such responsibility may be found when, after the facts are sifted and weighed, it is eviden[t] that a state or its political subdivision has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [state or political subdivision].

Chan v. City of New York, 1 F.3d 96, 106 (2d Cir. 1993) (internal quotations omitted).

The fact that "a private entity performs a function which serves the public does not make its acts state action." Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982).  "Actions of a private entity are attributable to the State if 'there is a sufficiently close nexus between the State

and the challenged action of the . . . entity so that the action of the latter may be fairly treated as

that of the State itself.'" United States v. Stein, 541 F.3d 130, 146 (2d Cir. 2008) (quoting

Jackson, 419 U.S. at 351).  However, "'conduct by a private entity is not fairly attributable to the

state merely because the private entity is a business subject to extensive state regulation or

"'affected with the public interest.'"" Cooper v. U.S. Postal Service, 577 F.3d 479, 491-92 (2d

Cir. 2009) (quoting Cranley v. Nat'l Life Ins. Co. of Vermont, 318 F.3d 105, 112 (2d Cir. 2003)

(quoting Jackson, 419 U.S. at 350)).

Whole Foods is a private corporation headquartered in Delaware (Barrett Decl.,

Ex. B at 2).  The SAC does not allege that Whole Foods is a state actor, nor does the SAC

contain any factual allegations suggesting that any decision Whole Foods made concerning aloe

vera's status as a non-food item was the product of the "coercive power" of New York State or

one of its political subdivisions. See Chan, 1 F.3d at 106.  As discussed above, the Food and

Nutrition Service of the U.S. Department of Agriculture is responsible for determining what is,

and what is not, an "eligible food" for purpose of the Food Stamp Program.

The only nexus between Whole Foods and a governmental entity alleged in the

SAC is that Whole Foods "contracted with the City of New York, and/or the State of New York,

and/or the Federal Government to provide Electronic Benefit services."  (SAC at ¶ .9)  Private

entities who contract with the government are not necessarily government actors, however. See

Chan v. City of New York, 803 F.Supp. 710, 719-20 (S.D.N.Y. 1992); Rendell–Baker, 457 U.S.

at 840-41.  Posr has not cited any case, and this Court is aware of no case, suggesting that a retail

food store participating in the Food Stamp Program thereby becomes a state actor for purposes of

Section 1983.  Research has likewise not disclosed any Section 1983 action predicated on

violations of the Food Stamp Act brought by a food stamp recipient against a retail food store participating in the Food Stamp Program.

Because the SAC does not plead facts demonstrating that Whole Foods is a state actor, or that it was acting "under color of state law," Plaintiff's Section 1983 claims against Whole Foods will be dismissed.

### B.    <u>Private Right of Action</u>

Because Plaintiff is proceeding <u>pro se</u>, the Court must construe the SAC liberally, "interpret[ing] it to raise the strongest arguments that it suggests." <u>Harris</u>, 2008 WL 953616, at *2 (quotations omitted).  Accordingly, the Court has considered whether the Food Stamp Act provides a private right of action to recipients of food stamp benefits against retail food stores participating in the Food Stamp Program.

A number of courts have recognized an implied private right of action to enforce provisions of the Food Stamp Act, but the defendants in all of these cases were public officials, and the plaintiffs were all individuals who had been denied Food Stamp benefits. <u>See</u>, <u>e.g.</u>, <u>Victorian v. Miller</u>, 813 F.2d 718, 720-21, 724 n.13 (5th Cir. 1987) (action against Texas Department of Human Services officials); <u>Haskins v. Stanton</u>, 794 F.2d 1273, 1274 (7th Cir. 1986) (holding indigent persons denied food stamp benefits had "a private right of action to enforce compliance with the Food Stamp Act by . . . state officials"); <u>Johnson v. Madigan</u>, No. 1:91-cv-1412-MHS, 1992 U.S. Dist. LEXIS 5002, at *2-4 (N.D. Ga. Mar. 26, 1992) (action against Secretary of Agriculture and  Commissioner of Georgia's Department of Human

17

Resources);[13] <u>Dubuque v. Yeutter</u>, 728 F. Supp. 303, 304-05 (D. Vt. 1989)[14] (action against

Secretary of the U.S. Department of Agriculture and the Commissioner of Vermont's

Department of Social Welfare);

       Plaintiff has not cited, and research has not disclosed, any case in which a court

has found that a food stamp recipient has a private right of action under the Food Stamp Act

against a retail food store participating in the Food Stamp Program.

       To the extent that Plaintiff's claims against Whole Foods are predicated on federal

law, they will be dismissed.

## V.    <u>CITY DEFENDANTS</u>

       "In order to establish individual liability under § 1983, a plaintiff must show (a)

that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant

caused the plaintiff to be deprived of a federal right." <u>Back v. Hastings On Hudson Union Free

Sch. Dist.</u>, 365 F.3d 107, 122 (2d Cir. 2004); <u>see also</u> <u>Sutton v. New York City Transit Auth.</u>,

No. 02-CV-1441(RRM)(JO), 2009 WL 5092989, at *5 (E.D.N.Y. Sept. 30, 2009) (citing <u>Velez

v. Levy</u>, 401 F.3d 75, 84 (2d Cir. 2005)).  Plaintiff's Section 1983 claim against the City is

governed by <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 694

(1978), which requires proof that a particular constitutional or statutory violation was the result

of an official City policy.  Plaintiff's theory as to the City is that it "did not adequately train

---

[13] Plaintiffs were a class of applicants who qualified for "expedited service" and who applied for
food stamps after the 15th day of the month.  They alleged that they should have each received
an "aggregate allotment" – "their share of food stamps for the remainder of that month <u>plus</u> their
share for the next month."  <u>Id.</u> at *3.

[14] Plaintiffs alleged that "a regulation promulgated by the Secretary of Agriculture and applied
by the Commissioner of Social Welfare misconstrued the Food Stamp Act," and that "the
administration of the program has deprived them of food stamps to which the Act entitled them."
<u>Id.</u>

and/or supervise and/or monitor def. Jackson to enforce each, any, every, and/or all laws regarding the sale of . . . Aloe Vera."  (SAC, ¶ 34.1).

Construing the SAC liberally, Plaintiff alleges – in his Ninth Cause of Action – that Defendant Jackson violated the Food Stamp Act by failing to ensure that (1) Whole Foods classified aloe vera as a non-taxable item eligible for purchase with food stamp benefits; and (2) Whole Foods had posted a sign providing information about how to lodge complaints concerning abuse of the food stamp program.  Plaintiff also contends that Defendant Jackson's alleged violations of the Food Stamp Act constitute an equal protection violation.  (SAC, Ninth Cause of Action)  Plaintiff has not named the City as a defendant in his Ninth Cause of Action, but in other portions of the SAC, and in his opposition brief, Plaintiff alleges that the City failed to adequately train Jackson.  See SAC at 1; Pltf. Opp. Br. at 28-29.

To the extent that the SAC could be construed as alleging that Defendant Jackson failed to properly address Plaintiff's complaint about Whole Foods' alleged misclassification of aloe vera (see SAC ¶¶ 9.1-19, 32-34.1), that claim was dismissed by Judge Preska, who found that there is no constitutional right to an investigation by government officials.  (Dkt. No. 4 at 3)  The thrust of Plaintiff's remaining claims against Jackson is that she failed to ensure that Whole Foods properly designated aloe vera as a product eligible for purchase with an EBT card.

Plaintiff's claims against Jackson and the City fail because Plaintiff has not alleged, and cannot properly allege, that Jackson and the City have any decision-making authority regarding what items are eligible for purchase with an EBT card.  As discussed above, it is the Department of Agriculture's Food and Nutrition Service that is responsible for interpreting the scope of "Eligible foods."  7 C.F.R. 278.1(t); see also 7 U.S.C. § 2018

(a)(2)(B).[15]  Accordingly, Plaintiff's federal claims against the City Defendants fail because of,
inter alia, lack of causation.[16]

   A prerequisite for municipal liability under Monell is an underlying constitutional
or statutory violation by a state actor.  "Monell does not provide a separate cause of action for
the failure by the government to train its employees; it extends liability to a municipal
organization where that organization's failure to train, or the policies or customs that it has
sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d
207, 219 (2d Cir. 2006) (emphasis omitted).  Because Plaintiff has not pled facts demonstrating
that Jackson "caused [Plaintiff] to be deprived of a federal right," see Back, 365 F.3d at 122, his
claim against the City also fails.

## VI. SUPPLEMENTAL JURISDICTION

   Because all federal claims against Whole Foods and the City Defendants will be
dismissed, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims.
Under 28 U.S.C. § 1367(c), "a district court may decline to exercise supplemental jurisdiction if
it has dismissed all claims over which it has original jurisdiction." Schaefer v. Town of Victor,
457 F.3d 188, 210 (2d Cir.2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350
(1988)).  "When all federal claims are eliminated in the early stages of litigation, the balance of

---

[15]  Plaintiff's claim that 7 C.F.R. § 278.2(b) was violated when Whole Foods charged him tax on
his purchase of aloe vera is not well-founded.  That regulation states that food stamp "[c]oupons
shall be accepted for eligible foods at the same prices and on the same terms and conditions
applicable to cash purchases of the same foods at the same store except that tax shall not be
charged on eligible foods purchased with coupons." 7 C.F.R. § 278.2(b).  Plaintiff paid no tax
on food purchased with food stamp benefits.  He was not allowed to use his food stamp benefits
to purchase aloe vera.

[16]  To the extent that the SAC pleads that Jackson violated a duty to ensure that Whole Foods
had posted information concerning how to report abuse of the Food Stamp Program (see SAC,
Ninth Cause of Action), neither the SAC nor Plaintiff's opposition papers offer any facts in
support of this allegation, despite Judge Preska's admonition that Posr amend his complaint to
plead the "who, what, when, where, and whys" of his claims for relief.  (see Dkt. No. 4, at 5-6)

factors generally favors declining to exercise pendent jurisdiction over remaining state law

claims and dismissing them without prejudice." Tops Mkts., Inc. v. Quality Mkts., Inc., 142

F.3d 90, 103 (2d Cir.1998) (citing Carnegie-Mellon Univ., 484 U.S. at 350) (emphasis omitted).

## CONCLUSION

For the reasons stated above, the motions to dismiss filed by the City of New

York, Cheray Jackson, and Whole Foods are granted in their entirety.[17] The Clerk of the Court is

directed to terminate the motions (Dkt. Nos. 14, 20) and to send a copy of this order to Plaintiff

at the following address:  Posr A. Posr, 62 East 125th Street, Apt. #3G, New York, NY 10035.

The Clerk of the Court is further directed to close this case.

---

[17] The Second Circuit has instructed district courts that they "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted).  A district court may dismiss without leave to amend, however, "when amendment would be futile." Tocker v. Philip Morris Cos., Inc., 470 F.3d 481, 491 (2d Cir. 2006).

Here, Plaintiff has already amended his complaint twice.  Moreover, it is apparent that any further amendment as to the federal claims would be futile, because the defects in the Complaint are not a result of "inadequate[ ] or inartful[ ]" pleading, Cuoco, 222 F.3d at 112, and are not subject to cure.  As to Plaintiff's Section 1983 claim against Whole Foods, no amendment could be other than futile, because Whole Foods is not a state actor.  As to the City Defendants, Plaintiff's claims fail because the City is not responsible for determining what items qualify as "eligible foods."  Defects of this sort cannot be addressed through re-pleading.  See, e.g., Gianatasio v. D'Agostino, No. 11 Civ. 3095(RWS), 2012 WL 1863010, at *7 (S.D.N.Y. May 22, 2012) ("In granting Defendants' motion to dismiss on grounds of res judicata . . . the deficiencies in Plaintiff's Complaint are not ones that can be corrected via amendment.  As such, dismissal with prejudice is warranted."); Bernstein v. New York, 591 F. Supp. 2d 448, 470 (S.D.N.Y. 2008) (denying leave to replead where it would be futile because "[p]laintiffs cannot overcome the . . . pertinent statutes of limitations").

As to Plaintiff's complaint concerning Whole Foods' alleged failure to post a sign explaining how abuse of the Food Stamp Program can be reported, Plaintiff has pled no facts in support of this claim, despite filing two complaints since Judge Preska directed him to set forth all of the details concerning his claims. (Dkt. No. 4 at 5-6)  Given Plaintiff's repeated failure to supply supporting facts, and the fact that he is a highly experienced litigant, there is no reason to believe that a claim would be properly pleaded in a Third Amended Complaint.

Dated: New York, New York
      September 24, 2012          SO ORDERED.

Paul G. Gardephe
United States District Judge